**NOT FOR PUBLICATION**

FILED

DEC 11 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re:                                          )   BAP No. NV-17-1086-LTiF
                                                )
LIFE ENHANCEMENT PRODUCTS,                      )   Bk. No. 3:14-bk-51572-BTB
INC.,                                           )
                                                )   APL 17-09
              Debtor.                           )
_____ )
SAMUEL KORNHAUSER,                              )
                                                )
              Appellant,                        )
                                                )
v.                                              )   **M E M O R A N D U M**[*]
                                                )
LIFE ENHANCEMENT PRODUCTS,                      )
INC.; JAMES S. PROCTOR,                         )
Chapter 11 Trustee,                             )
                                                )
              Appellees.                        )
_____ )

Argued and Submitted on December 1, 2017
at Reno, Nevada

Filed - December 11, 2017

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Bankruptcy Judge, Presiding
_____

Appearances:   Appellant Samuel Kornhauser argued pro se; Louis
               M. Bubala, III of Kaempfer Crowell argued for
               Appellee James S. Proctor.
_____

Before: LAFFERTY, TIGHE,[**] and FARIS, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**] Hon. Maureen A. Tighe, U.S. Bankruptcy Judge for the Central District of California, sitting by designation.

Creditor Samuel Kornhauser appeals the bankruptcy court's order approving the chapter 11 trustee's motion to sell Debtor's assets free and clear under § 363.[1] Kornhauser, who filed an unsecured claim in the chapter 11 case, did not prove he had an interest in the assets being sold and failed to obtain a stay pending appeal. The sale – which the bankruptcy court found was to a good faith buyer – closed shortly before this appeal was filed. Accordingly, we DISMISS this appeal as statutorily moot under § 363(m).

## FACTS

Debtor-Appellee Life Enhancement Products, Inc. ("LEP"), located in Minden, Nevada, manufactured and sold nutritional supplements. Its president, Wallace Block, owned 99.2 percent of the corporation. LEP leased its manufacturing and office space from Scientific Nutritional Formulations, LLC ("SNF"), a limited liability company wholly owned by Block.

In late August 2014, Kornhauser obtained a $2.5 million state court judgment against LEP for unpaid legal fees and other damages. Block was also a defendant in that litigation, but no judgment was entered against him because he filed an individual chapter 7 case shortly before the judgment was entered. Kornhauser eventually obtained a judgment in Block's bankruptcy case declaring the debt nondischargeable.

On September 17, 2014, LEP filed for chapter 11 relief.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

-2-

Kornhauser filed a proof of claim for $2,592,961.50 based on the state court judgment. The proof of claim did not categorize the claim as secured, and the attached Proof of Claim Itemization Chart explicitly referred to the claim as unsecured. Nevertheless, Kornhauser attached to the claim form a copy of a "Secured Promissory Note" dated March 25, 2005 for $450,000, which named Block as the obligor and was signed by Block, and a "Pledge Agreement" whereby Block granted Kornhauser a security interest in Block's stock in LEP. Also attached were copies of UCC Financing Statements filed with the Nevada and California secretaries of state, naming Block as the debtor and referencing as collateral "$450,000 secured promissory note and pledge agreement that has increased to $700,000." Kornhauser also attached to his claim a copy of the judgment against LEP. Kornhauser's claim made him the largest unsecured creditor of the estate, and he has actively participated in the case since it was filed.

In April 2015, the bankruptcy court appointed Appellee James S. Proctor ("Trustee") as chapter 11 trustee. In the months that followed, the Trustee worked to improve LEP's cash flow and profits and actively pursued potential purchasers for LEP's assets.

In the meantime, in Block's bankruptcy, Kornhauser challenged Block's claim of exemption in his LEP stock. Kornhauser also filed adversary proceedings in Block's and LEP's bankruptcy cases seeking to pierce the corporate veil and to require turnover of LEP's and SNF's assets to Block's chapter 7 estate. The bankruptcy court stayed those adversary proceedings

in December 2016.

On February 7, 2017, the Trustee filed a motion to sell free and clear under § 363 substantially all of LEP's assets, consisting of personal property, inventory, records, intangible property, and goodwill (the "Sale Motion"). The assets were to be sold to Sierra Nevada Bioscience, LLC ("SNB") for $500,000, subject to overbid. In the Sale Motion, the Trustee noted that Kornhauser had asserted an interest in the assets based on his claims in the stayed adversary proceedings. The Trustee stated that he did not believe Kornhauser had a security interest in the assets such that § 363(f) would apply, but he argued out of an abundance of caution that if it did, the sale could proceed free and clear of Kornhauser's claims under either § 363(f)(4) (bona fide dispute over validity of interest) or § 363(f)(5) (entity can be compelled in a legal or equitable proceeding to accept a money satisfaction of his interest).

Kornhauser filed an opposition and a request for a continuance of the hearing on the Sale Motion, complaining that he had not had time to investigate the sale and the proposed buyer (despite the Sale Motion having been timely served). He argued that the assets were worth significantly more than the proposed sale price and expressed concern that the sale might be a "sham," i.e., that the proposed buyer had some connection with Block that would result in Block continuing to control the assets. Kornhauser also argued that his veil-piercing litigation in Block's bankruptcy case needed to be resolved before any sale of LEP's assets.

At the March 7, 2017 hearing on the Sale Motion, no party

-4-

appeared with an overbid. Kornhauser was the only party who had filed an objection to the sale. At the hearing, he articulated his objections and requested a continuance, which the bankruptcy court denied. The bankruptcy court, however, permitted witness testimony regarding the bona fides of the sale and the method by which the Trustee had arrived at the purchase price.

After hearing testimony and argument, the bankruptcy court approved the sale and waived the 14-day stay under Rule 6004(h), entering its written order on March 15, 2017. The court found, among other things, that (i) Kornhauser was not a secured creditor entitled to the provisions of § 363(f); (ii) Kornhauser did not hold a secured claim against LEP; alternatively, Kornhauser did not properly perfect any security interest in LEP because the financing statement did not identify the stock or any property of LEP; (iii) the buyer purchased the property in good faith under § 363(m); (iv) the buyer was not a successor in interest under Nevada law; and (v) LEP's lease with SNF was rejected upon closing of the sale.

The asset sale closed March 20, 2017.[2] That same day, Kornhauser filed a timely notice of appeal. The bankruptcy court denied Kornhauser's request for a stay pending appeal, as did a

---

[2] The Trustee requested that we take judicial notice of three exhibits attached to the Trustee's Report of Sale, alleging that Kornhauser failed to include those exhibits in his excerpts of record. But those exhibits are already included in the record. We therefore deny the Trustee's request for judicial notice as moot.

-5-

BAP motions panel.[3]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(N). Subject to the mootness analysis set forth below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether this appeal is moot.

## STANDARD OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014) (citing Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d 782, 787 (9th Cir. 2003)).

## DISCUSSION

The asset sale closed on March 20, 2017, and both of Kornhauser's requests for a stay pending appeal were denied. Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this

---

[3] Kornhauser filed a Request for Judicial Notice attaching copies of three documents entered on the bankruptcy court docket after this appeal was filed: (i) Third Application for Order Approving Compensation and Reimbursement of Expenses for Kaempfer Crowell, Attorney for Trustee – filed April 19, 2017; (ii) Samuel Kornhauser's Opposition to the Third Application – filed May 3, 2017; and (iii) the Declaration of Ernie Vicentina, CFO of GVC Financial Services, LLC, an investment banking firm, opining that LEP's business was potentially worth $2 million – filed May 5, 2017. Generally, we do not consider facts outside the record that was before the bankruptcy court when it made its ruling. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Appellant's Request for Judicial Notice is therefore DENIED.

> section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Under this provision, a sale of property under § 363 cannot be challenged on appeal unless the court's authorization and the sale were stayed pending appeal. Adeli v. Barclay (In re Berkeley Del. Ct. LLC), 834 F.3d 1036, 1039 (9th Cir. 2016). "The requirement to seek a stay pending appeal only applies to purchases of estate property that were made in good faith, and is designed to protect the interests of good faith purchasers by guaranteeing the finality of property sales." Id. (citing Onouli-Kona Land Co. v. Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1172 (9th Cir. 1988)). Here, the bankruptcy court explicitly found that the buyer purchased the assets in good faith. The evidence in the record supports that finding, and Kornhauser does not challenge it.

Nevertheless, Kornhauser argues that this appeal is not moot. He asserts that § 363(m) is inapplicable because that provision does not apply to sales under § 363(f). But § 363(f) did not apply to Kornhauser; that subsection applies only to an entity that has an interest in the property to be sold:

> The trustee may sell property under subsection (b) or (c) of this section **free and clear of any interest in such property of an entity other than the estate**, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such

-7-

property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

§ 363(f) (emphasis added).

The bankruptcy court found:

> Mr. Kornhauser is not a secured creditor entitled to the provisions of 11 U.S.C. § 363(f). . . . Mr. Kornhauser does not hold a secured claim against this Debtor based on Mr. Block's pledge of stock in this Debtor to secure a note from Mr. Block to Mr. Kornhauser. . . . Mr. Kornhauser did not properly perfect any security interest in Debtor with the filing of the financing statement, as the financing statement does not identify the stock or any property of Debtor.

Because Kornhauser had no interest in the assets, § 363(f) had no bearing on him.

On appeal, Kornhauser contends that he is a secured creditor because Block's $450,000 promissory note is secured by LEP's assets and stock and by SNF's assets. He also references his $2.5 million judgment against LEP. We see no error, however, in the bankruptcy court's finding that Kornhauser had no security interest (or other interest) in the assets.

Under § 363(p)(2), Kornhauser had the burden of proof on the issue of the validity, priority, or extent of any interest in the assets. See Chequers Inv. Assocs. v. Hotel Sierra Vista Ltd. P'ship (In re Hotel Sierra Vista Ltd. P'ship), 112 F.3d 429, 434 (9th Cir. 1997) (party asserting an interest in post-petition revenues must prove (i) that it holds a perfected security interest and (ii) the amount of money to which its liens attach). Kornhauser failed to meet that burden. The pledge agreement

-8-

attached to Kornhauser's proof of claim pledged LEP stock owned by Block. The UCC financing statement referenced as collateral "$450,000 secured promissory note and pledge agreement that has increased to $700,000." It did not reference any LEP assets. The judgment, standing alone, did not create a lien on LEP's personal property assets, and there is nothing in the record to suggest that Kornhauser took any steps to create such a lien.[4]

In support of his assertion that the appeal is not moot, Kornhauser cites the Panel's opinion in <u>Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)</u>, 391 B.R. 25 (9th Cir. BAP 2008). In that case, the BAP held that the lien-stripping portion of an order approving an asset sale free and clear of a nonconsenting junior lienholder's interest under § 363(f)(5), which had not been stayed pending appeal, was neither equitably nor statutorily moot. The Panel reasoned that the lien-stripping portion was not equitably moot because the Panel could reverse the transfer of Clear Channel's lien to the sale proceeds and hold that it remains attached to the property sold without prejudicing anyone not a party to the appeal. The Panel further found no statutory mootness because § 363(m) is inapplicable to lien-stripping

---

[4] In Kornhauser's reply brief, he seems to assert that he has a recorded judgment lien against LEP's assets. But his citation to the record refers to the judgment entered in Marin County (California) Superior Court. There is no evidence in the record that the judgment was recorded with any county recorder, which is required to create a lien on real or personal property. <u>See</u> Nev. Rev. Stat. § 353C.170 (recordation of judgment creates a lien upon all real and personal property situated in the county that is owned by the judgment debtor), and Nev. Rev. Stat. § 17.350 (a foreign judgment may be filed with the clerk of a Nevada district court and thereafter enforced in Nevada the same as a Nevada judgment).

-9-

authorizations under § 363(f).  Id. at 35-36.  Kornhauser argues that even if we find the sale authorization to be moot, we should apply Clear Channel in finding the lien-stripping aspect of the sale not moot.  But Clear Channel is distinguishable: in that case, it was undisputed that the appellant had a lien in the property to be sold.  Here, as discussed above, Kornhauser did not prove that he had any interest in LEP's assets.

## CONCLUSION

For the reasons explained above, this appeal is statutorily moot.  Accordingly, we DISMISS.

UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT

FILED

01/10/2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

In re: LIFE ENHANCEMENT PRODUCTS, INC.

Debtor

---

SAMUEL KORNHAUSER

Appellant

v.

LIFE ENHANCEMENT PRODUCTS, INC.;
JAMES S. PROCTOR, Chapter 11 Trustee

Appellees

BAP No. NV-17-1086-LTiF

Bankr. No. 3:14-bk-51572-BTB
Chapter 11

January 10, 2018

## PROOF OF SERVICE OF MANDATE

A certified copy of the attached judgment was sent to:

CLERK

U.S. BANKRUPTCY COURT

Honorable Bruce T. Beesley
U.S. Bankruptcy Court
C. Clifton Young Federal Building and United States Courthouse
300 Booth Street
5th Floor
Reno, NV 89502-1316

BkCt, Reno
U.S. Bankruptcy Court
C. Clifton Young Federal Bldg and United States Courthouse
300 Booth Street
Room 1109
Reno, NV 89502-1316

on January 10, 2018
By: Cecil Lizandro Silva, Deputy Clerk

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

**FILED**

01/10/2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

In re: LIFE ENHANCEMENT PRODUCTS, INC.

Debtor

---

SAMUEL KORNHAUSER

Appellant

v.

LIFE ENHANCEMENT PRODUCTS, INC.;
JAMES S. PROCTOR, Chapter 11 Trustee

Appellees

BAP No. NV-17-1086-LTiF

Bankr. No. 3:14-bk-51572-BTB
Chapter 11

January 10, 2018

# AMENDED JUDGMENT

ON APPEAL from the United States Bankruptcy Court for Nevada - Reno.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that this appeal is **DISMISSED AS MOOT.**

FOR THE PANEL,

Susan M Spraul
Clerk of Court
By: Cecil Lizandro Silva, Deputy Clerk

Date: January 10, 2018

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:

Susan M Spraul, Clerk
by Deputy Clerk

Date 1/10/18